Georgina Abrams
4141 W. Mc Doweld S# 218
Phoenix, Arizona 85009

FILED ___ LODGED
___ RECEIVED ___ COPY

SEP 3 0 2011

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Georgina Abrams,

    Plaintiff

vs.

Wells Fargo Bank, N.A.
Valley Bank
Bank of America
Stephanie Reed
Harvey Abrams
Robert Collins, esq
Joseph Collins, esq
Jonathan Collins, esq
Joel Brand, esq
Edward Susee, esq
Michael E. Hurley, esq
Kristina L. Babbitt
Sara Otto

    Defendant

CIV '11 1928 PHX FJM

**COMPLAINT**

    COMES NOW Plaintiff, Georgina Abrams in by in Pro Se, hereby

1

Bank, N.A., Stephanie Reed, Harvey Abrams, Robert Collins esq, Joseph Collins esq, Jonathan Collins esq, Joel Brand, esq Edward Susee, esq Michael E. Hurley, esq Kristina L. Babbitt, Sara Otto allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to Article III Section 2, 3 of the U.S. Constitution which are the subject matter of this Complaint. 28 U.C.C. § 1331. Federal question of the Constitution ***(Terrorist and Cartels activities)*** Helping them to commit Fraud.
2. This Court has personal jurisdiction over all Defendants.
3. Venue is proper pursuant to federal question jurisdiction 28 U.S.C. § 1331.

## FACTUAL ALLEGATIONS

1. On or about March 3, 2004 Husband/ Dr. Abrams sustained a doctor/ patient sexual relationship with a paralegal, ASU Law student, Banker from Wells Fargo Bank, a child was born on December 29, 2004. (FC2005-008649).

2. On or about August 19, 2004 Husband/ Dr. Abrams requested to sell the marital residence to his attorney.

3. Upon the *"wrong"* Quit Claim Deed of the marital residence was recorded on September 3, 2004 to refinance the loans. Dr. Abrams's attorney later recorded the summons on September 7, 2004. Ariz. Rev. Stat. Ann. § 25- 329 (2010).

2

3. Only Plaintiff/ Wife received a civil lawsuit, two civil and criminal complaints CV2004-091925. The Separation Agreement was finalized on December 13, 2004 including the spousal disinherit clause and again the *"wrong"* legal description of the marital residence signed by the Judge that attorney Susee knew.

4. Upon a mutual agreement, Wife received spousal support and educational supports in exchanged Dr. Abrams agree to purchase Wife's Farmland's Freshest business on or about January 1, 2005 due to the fact that Wife did not have her social security, drivers license, American Passport, credit cards and business checks.

6. Upon Wife was informed, she corrected the quit claim deed on March 14, 2005.

7. Upon the increase of the Wife's house market value, Dr. Abrams' unauthorized practice paralegal prepared, notarized and recorded the Special Warranty Deed of Trust with the *"correct"* legal description of the marital residence *without* Wife's consent or signature on or about March 23, 2005.

8. On or about March 24, 2005 Dr. Abrams' paralegal also created the Abrams Living Trust (Sections A, B, C, and D) with the *"correct"* legal description of the marital residence in exchange of the Divorce Decree signature. The Abrams Living Trust was never *recorded*, funded, or quit claim deeds were made to transfer Wife's real or personal property for the purchase of the Florida properties on 2006.

9. On or about March 24, 2005 Dr. Abrams' paralegal also created the Divorce Decree which became final on June 9, 2005 merging the Separation Agreement, and

3

Spousal/ Educational support.

10. Because Ex-Husband/ Dr. Abrams refused to follow orders from the court, Ex-Wife did not receive any real or personal property given to her by law. Both parties signed two separate contracts to purchase property in Florida on or about September 1, 2005. Ten days were required by Dr. Abrams to hold the deposit and obtain a loan for the purchase of Farmland's Freshest business and the Florida property.

9. On or about September 29, 2005 a paralegal's friend from Wells Fargo Bank called Georgina Abrams alleging that she was still " *legally married"* with Dr. Abrams in a community property state. The loan officer demanded her presence at the Bank and wrote the word *"married"* in the legal documents.

10. On or about November 1, 2005 three contracts were signed and notarized by Ex-Husband and Ex-Wife: the Selling Contract, (Ex-Wife's Business), Florida Living Contract, (one property in both names), and the Living Contract, (because Ex-Husband refuse to move out of the marital residence).

12. On or about August 2006 Ex-Husband/ Dr. Abrams wanted to cancel the Florida purchase contract and refuse to purchase Ex-Wife business.

13. On or about August 10, 2006 Ex-Wife's attorney requested the "Revocation of the Abrams Living Trust" Recording # 20061106515.

13. On or about September 5, 2006 Ex-Wife attorney requested the "Notice of Infectiveness of Purported Special Warranty Deed" signed and notarized Recording #

4

20061179813.

14. On or about September 9, 2006 Ex-Husband/ Dr. Abrams gave the cancelation notice for the Florida Contracts to Ex-Wife due to his paralegal custody battle in Arizona.

16. On or about November 29, 2006 Ex-Wife sold the marital residence and later was served in person with three law suits from his paralegal's attorneys Robert and Joseph Collins (Family, Appeal and Civil law suit).

17. On or about November 2006 because the attorney Janice Palmer did not reach an agreement with attorney Robert Collins and Ex-Wife lost the Florida properties, money from the marital residence, Farmland's Freshest business and her supports.

18. On or about February 8, 2007 before the Honorable Lisa Daniel Flores Joe Collins' paralegal said that Ex- Wife Spousal & Educational support was made "in lieu" of payments as part of Ex-Wife's dissolved business and there was no need of a civil law suit because Ex-Wife was never notified to appear at trial.

19. On or about February 8, 2008 before the Honorable judge Paul A Katz, Joe Collins' paralegal filed a *Civil Lawsuit* against Ex-Wife by just changing the *caption*.

20. On or about February 11, 2008 before the Honorable judge Jo Lynn Gentry-Lewis, Joe Collins' paralegal raised the defense that the Court lacked subject matter jurisdiction and Ex-Wife's exhibits *mysteriously* disappear at trial.

22. On or about March 7, 2008 before the Honorable judge Paul A Katz, Michael E

Hurley Ex-Wife's attorney filed the *counterclaim*.

22. On or about April 30, 2008 the Honorable judge Jo Lynn Gentry-Lewis made her ruling.

23. On or about May 8, 2008 Joe Collins' paralegal file a premature *Appeal* law suit against Ex-Wife represented by attorney <u>Randi S Sirlin</u>.

24. On or about May 30, 2008 Joe Collins' paralegal filed an *amendment to* his civil complaint against Ex-Wife *after the answer and counterclaim* was already filed by her attorney <u>Michael E Hurley.</u>

25. Another *Appeal* lawsuit was filed by Joe Collins' paralegal and Ex-Wife attorney <u>Michael E Hurley</u> won the case on or about November 10, 2008. Arizona Court of Appeals Division One case 1 CA-CV 08-0530 the attorney's fees were awarded to the Ex-Wife NO. CV2008-050470).

26. On February, 8, 2010, before the Honorable Brian R. Hauser at the civil trial, Joe Collins' paralegal and Ex-Wife attorney agree to ***<u>the Stipulation of False Evidence</u>*** in front of the Jury. <u>Raising the same legal issues and questions of law already addressed to the Family Court and the Appeal Court with a "newly false discovered evidence" contradictory to the evidence presented to the Family Court and the Court of Appeals</u>

26. On February, 22, 2010 Ex- Wife filed an *Appeal* and contesting the violation of her Constitutional Rights given by the Federal Government.

A) Transcript of proceedings August 6, 2004.

B) Transcript of proceedings February 8, 2007

C) Transcript of proceedings February 11, 2008

D) Transcript of proceedings April, June, November 2006.

E) Transcript of proceedings for Stephanie Kay Reed, Stephanie Reed K, or Stephanie

WHEREFORE, Plaintiff prays for judgment against defendants as follows:

1. To stop any terrorist and cartels activities with the help of attorneys.

2. To enforce Ex-Wife Constitutional Rights given by the Federal Government.

3. To have judgment against defendant's for compensatory damages plus pre-judgment and post-judgment interest thereon at the highest rated permitted by law until paid in full

4. That defendant have judgment against defendant in an amount equal to any judgment in favor of plaintiff

5. Should be aware for exemplary damages to be proven at trial;

6. Be awarded such other and further relief as the court may deem just.

7. Be awarded of attorney's fees pursuant to A.R.S. 12-341.01 and costs incurred herein, to the maximum amount permitted by law, interest thereon and all costs of collection until paid in full; and

7

8. Be awarded for such other further relief as the Court deems just and proper.

9. Demand trial by jury.

Dated this 30 September 2011

_____

**VERIFICATION**

**Dated this [Date]**

**[Attorneys' address]**
**[Attorneys' names]**

8