**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Georgina Abrams, ) | No. CV-11-1928-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Wells Fargo Bank, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The court has before it 16 motions to dismiss (docs. 49, 51, 54, 55, 56, 57, 58, 61, 64, 65, 67, 71, 72, 74, 91, 94), a motion for a more definite statement (doc. 68), and 2 motions for summary disposition (docs. 93, 95).

Defendants have filed motions to dismiss for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), and for insufficient service of process, Fed. R. Civ. P. 12(b)(4). Plaintiff has failed to respond to any of the motions and the time for doing so has expired. Plaintiff's failure to respond to the motions may be deemed a consent to the granting of the motions and we may dispose of the case summarily. LRCiv 7.2(i).

Plaintiff's prolix, unintelligible complaint appears to be a collateral attack on state court judgments, which we are without jurisdiction to consider. See Reusser v. Wachovia Bank, 525 F.3d 855, 858-59 (9th Cir. 2008); see also D.C. Court of Appeals v. Feldman, 460

U.S. 462, 482-86, 103 S. Ct. 1303, 1315-17 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16, 44 S. Ct. 149, 150 (1923).  Plaintiff has asserted no federal cause of action and there is no diversity of citizenship.  Accordingly, we are without subject matter jurisdiction. This action is dismissed with prejudice.

**IT IS ORDERED GRANTING** defendants' motions to dismiss  (docs. 49, 51, 54, 55, 56, 57, 58, 61, 64, 65, 67, 71, 72, 74, 91, 94).

**IT IS ORDERED GRANTING** defendants' motions for summary disposition (docs. 93, 95).

**IT IS ORDERED DENYING AS MOOT** defendant's motion for more definite statement (doc. 68).

DATED this 3rd day of April, 2012.

_____
Frederick J. Martone
United States District Judge